IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC EL,<br><br>              Plaintiff,<br><br>   v.<br><br>T. SOHAL,<br><br>              Defendant. | No. 2:23-CV-1433-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's unopposed motion for summary judgment. See ECF No. 23.

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See

/ / /

/ / /

1

1  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the
2  moving party

3  . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

6  Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).
7  If the moving party meets its initial responsibility, the burden then shifts to the
8  opposing party to establish that a genuine issue as to any material fact actually does exist.  See
9  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to
10 establish the existence of this factual dispute, the opposing party may not rely upon the
11 allegations or denials of its pleadings but is required to tender evidence of specific facts in the
12 form of affidavits, and/or admissible discovery material, in support of its contention that the
13 dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The
14 opposing party must demonstrate that the fact in contention is material, i.e., a fact that might
15 affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S.
16 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th
17 Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
18 return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436
19 (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than
20 simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record
21 taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no
22 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the
23 claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions
24 of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.
25 In resolving the summary judgment motion, the court examines the pleadings,
26 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.
27 See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson,
28 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the

court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

### I. PLANTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint. See ECF No. 1. Plaintiff names the following as the sole defendant: T. Sohal, a physician and surgeon at the California Health Care Facility (CHCF). See id. at 2.

Plaintiff states he was called to the optometry office on November 22, 2022. See id. at 3. Plaintiff claims Defendant directed him to transfer out of his wheelchair to another chair, despite his paralyzed disability. See id. Plaintiff asserts he asked Defendant to lock the wheels on both chairs and requested an "ADA assist worker" to help lift him into another chair, but Defendant "refused to get one that sits in the lobby." See id.

During the transfer, Plaintiff claims Defendant "put her hand on the chair but was not holding it tightly she told him to transfer… but when he tried to slide to the other chair, the wheels were not locked and both chairs gave away." Id. (errors in the original). Plaintiff claims Defendant's hand was on the chair, two inches away from his body, when she was supposed to hold him throughout the transfer process. See id. Plaintiff also asserts Defendant did know what she was doing and refused to lock the wheels of either chair. See id. As a result, Plaintiff fell and suffered injuries to his back, neck, and head. Id.

///
///
///

## II. THE PARTIES' EVIDENCE

Defendant's unopposed motion for summary judgment is supported by a statement of Defendant's Undisputed Facts (DUF), ECF No. 23-7, the declarations of Defendant Sohal, ECF No. 23-5, defense counsel Brian A. Rosenthal, ECF No. 23-2, and attached exhibits, ECF Nos. 23-3 and 23-4, as well as the transcript of Plaintiff's deposition. Plaintiff has not filed an opposition to Defendant's motion, nor does he otherwise dispute any of Defendant's evidence. The docket reflects no filings by Plaintiff after Defendant's motion for summary judgment was filed.

Given that Defendant's motion is unopposed, the facts asserted by Defendant are necessarily undisputed and the Court accepts Defendant's summary of the relevant facts as follows:

* * *

2. Dr. Sohal is an optometrist. (Rosenthal Decl., ¶¶ 1–2.)

3. Dr. Sohal performed optometry services at a number of facilities including California Health Care Facility, which is part of the California Department of Corrections and Rehabilitation. (Sohal Decl., ¶¶ 3, 5.)

4. On November 22, 2022, Dr. Sohal was scheduled to perform an eye exam on Mr. El. (Sohal Decl., ¶¶ 4–5.)

5. Dr. Sohal worked as an independent contractor at the California Health Care Facility performing optometry services and does not employ, supervise, manage or control any facility staff and does not implement any policies and procedures such as how facility staff would transfer a patient from one chair to another chair. (Sohal Decl., ¶¶ 4, 7.)

6. Dr. Sohal's exam of Mr. El had not yet even started on November 22, 2022, when the subject incident occurred, and she was not involved in any way with the subject incident of Plaintiff claiming injury from a fall while transferring from a chair to another chair. (Sohal Decl., ¶¶ 6–9, Ex. B of Rosenthal Decl., Deposition Testimony of Eric El pgs. 27–29.)

7. Some preliminary history gathering and pre-exam work is performed in a room other than room where Dr. Sohal performs her exam. (Sohal Decl., ¶¶ 5–8.)

8. Dr. Sohal, besides not being involved in any of the circumstances regarding the transfer from chair to chair in which Plaintiff was allegedly injured, was still not involved afterward as she believes facility staff was attending to him and arranged for the transfer to San

Joaquin General Hospital. (Sohal Decl., ¶¶ 6–9.)

9. Plaintiff has now admitted under oath at his deposition that Dr. Sohal was not involved in the transfer from chair to chair where he claims he fell and was injured. (Ex. B of Rosenthal Decl., Deposition Testimony of Eric El pgs. 27–28.)

10. Plaintiff did not even see Dr. Sohal before the incident. (Sohal Decl., ¶ 6, Ex. B of Rosenthal Decl., Deposition Testimony of Eric El pgs. 28–29.)

ECF No. 23-7, pgs. 2–4.

### III. DISCUSSION

In her motion for summary judgment, Defendant Sohal argues she is entitled to judgment in her favor as a matter of law because the undisputed facts show Defendant was not involved in the subject incident involving the transfer of Plaintiff from his wheelchair to another chair. See ECF No. 23-6. According to Defendant:

> . . .Dr. Sohal had no duty. . . to plaintiff as this transfer occurred in another room with a staff member from California Health Care Facility as plaintiff had not yet been brought into the exam room where Dr. Sohal would have performed her optometry exam on plaintiff. This is clearly a case of mistaken identity where plaintiff thought a staff member involved with the transfer was Dr. Sohal. Through further investigation and the course of discovery, plaintiff has certainly now learned that Dr. Sohal was not the person involved in the transfer and admitted as such at his deposition. . . .

Id. at 4.

The Court agrees that Defendant is entitled to summary judgment. To prevail on a claim under 42 U.S.C. § 1983, the plaintiff must establish an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673

5

F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In the instant case, the undisputed facts show that, put simply, Defendant Sohal was not involved in the incident alleged in this case. Specifically, the evidence submitted, which Plaintiff does not dispute, establishes that Defendant Sohal was not present when Plaintiff was injured and had no part in transferring Plaintiff from his wheelchair to another chair. Plaintiff has admitted this fact at his deposition. Thus, Defendant has met her burden on summary judgment of establishing the non-existence of an essential element of Plaintiff's claim, specifically, the causal link between Defendant Sohal and a violation of Plaintiff's constitutional rights. Plaintiff has not filed an opposition to Defendant's motion or otherwise submitted evidence which would establish a genuine dispute as to Defendant's involvement.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's unopposed motion for summary judgment, ECF No. 23, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 15, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE